1

2
**BOIES SCHILLER FLEXNER LLP**
SCOTT E. GANT (admitted *pro hac vice*)
sgant@bsfllp.com
3
1401 New York Avenue, NW
Washington, DC 20005
4
Telephone: (202) 895-7566
Facsimile: (202) 237-6131
5

6
JAMES W. LEE (admitted *pro hac vice*)
jwlee@bsfllp.com
7
100 SE Second Street, Suite 2800
Miami, FL 33131
8
Telephone: (305) 539-8400
Facsimile: (305) 539-1307
9

10
SARAH L. JONES (SBN 347368)
sjones@bsfllp.com
11
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
12
Telephone: (213) 629-9040
Facsimile: (213) 629-9022
13

14
*Attorneys for Defendant Dreamland Baby Co.*

15
**UNITED STATES DISTRICT COURT**

16
**NORTHERN DISTRICT OF CALIFORNIA**

17
**SAN FRANCISCO DIVISION**

18

| | |
|---|---|
| IN RE DREAMLAND BABY CO. WEIGHTED SLEEP PRODUCTS LITIGATION, | Master File No.:  3:24-cv-02996-CRB |
| This Document Relates To: | **DEFENDANT DREAMLAND BABY CO.'S OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL** |
| All Actions | Action Filed: May 17, 2024 |

19

20

21

22

23

24

25

26

27

28

## I.     INTRODUCTION

Federal Rule of Civil Procedure Rule 23(g)(3) provides "[t]he court *may* designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  F.R.C.P. 23(g)(3) (emphasis added).  Appointment of interim class counsel is permitted, but not required.

Plaintiffs' Motion to Appoint Interim Class Counsel [ECF No. 29] (hereinafter "Motion" or "the Motion") is unnecessary and premature.  For the reasons set forth herein, Plaintiffs' Motion should be denied without prejudice.

## II.     BACKGROUND

From May to July 2024, Plaintiffs filed four complaints in this District, containing substantially similar allegations.  *See Monsch v. Dreamland Baby Company*, No. 24-cv-02996 (N.D. Cal. 2024); *Fehrenbach v. Dreamland Baby Company*, No. 24-cv-03406 (N.D. Cal. 2024); *Miller v. Dreamland Baby Company*, No. 24-cv-03379 (N.D. Cal. 2024); *Muse v. Dreamland Baby Company*, No. 24-cv-03763 (N.D. Cal. 2024).

On June 24, 2024, Plaintiffs, along with Defendant Dreamland Baby Co. ("Dreamland"), filed a Stipulation to relate the *Monsch*, *Fehrenbach*, and *Miller* cases, with the Court approving that Stipulation on June 25, 2024.  ECF No. 22.  Plaintiff's counsel in the *Muse* action then filed an administrative motion to relate the case, which the Court granted on July 1, 2024.  ECF No. 24.

On July 16, 2024, the Parties filed a Stipulation proposing that the four related cases be consolidated, and providing that the Plaintiffs would file a single, consolidated pleading.  ECF No. 26.  The Court entered an order consolidating the cases on July 17, 2024, and directing Plaintiffs to file a Consolidated Complaint within 21 days.  ECF No. 27.

On July 26, 2024, Plaintiffs filed the Motion to Appoint Interim Class Counsel.  ECF No. 29.

DEFENDANT'S OPPOSITION TO MOTION TO APPOINT INTERIM CLASS COUNSEL

**III.    SUMMARY OF ARGUMENT**

Plaintiffs' Motion is unnecessary.  Plaintiffs inaccurately claim the appointment of interim counsel is warranted because there are "duplicative, overlapping, or competing suits." Mot. at 1.  There is now *one* case, with *one* consolidated complaint forthcoming.

Plaintiffs' Motion is also premature.  This case is barely underway.  Plaintiffs have not yet filed their consolidated complaint.  Defendant does not yet know who the plaintiffs will be, what causes of action will be asserted, what proposed class definition(s) will be, or whether the named plaintiffs will have standing.  A decision about whether to appoint interim class counsel is far from ripe.

**IV.    ARGUMENT**

**A.  A Rule 23(g)(3) Order is Unnecessary.**

Rule 23(g) provides "[t]he Court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  F.R.C.P. 23(g)(3).   Plaintiffs inaccurately contend that appointment of interim class counsel is appropriate because "there are a number of overlapping, duplicative, or competing suits."  Mot. at 1; *see also id.* at 2.

Plaintiffs asked for, and received, permission to have the cases consolidated [*see* ECF No. 26] and to file a consolidated complaint [*see id.* at 3].  The Court granted the Plaintiffs' request.  ECF No. 27, at ¶ 8 ("Plaintiffs will file the Complaint no later than 21 days following the entry of this stipulation consolidated the Related Cases.").

There are no longer any "overlapping, duplicative, or competing suits," and no need for a Rule 23(g)(3) order.  *Cf. Kristin Haley v. Macy's Inc.*, Civ. No. 15- 06033-HSG, 2016 WL 4676617, at *3 (N.D. Cal. Sept. 7, 2016) (denying motion to appoint interim class counsel because the consolidated action "does not present the special circumstances that warrant appointment of interim counsel" and "all pending actions in this District pertaining to Defendants' [alleged conduct] have been consolidated, and thus there exists a single consolidated action to which Plaintiffs intend to file a consolidated complaint").

1    Plaintiffs similarly claim that "[a]ppointing interim class counsel is critical in the early

2    stages of complex litigation to ensure that Plaintiffs have a coordinated approach …"  Mot. at

3    3-4.  But Plaintiffs again ignore that they have *voluntarily* consolidated their cases and will be

4    filing a single pleading.  How the lawyers filing that pleading organize themselves is not a

5    matter for the Court—and certainly is not the concern of Rule 23(g)(3).

6    Plaintiffs' Motion is really an attempt to have this Court bless the "private ordering"

7    agreed upon by Plaintiffs' counsel.  Mot. at 1 ("All Plaintiffs and their counsel support the

8    private ordering described herein, and respectfully request this Court to grant their Motion to

9    Appoint Interim Class Counsel.").  However, "private ordering" is not the purpose or function

10   of a Rule 23(g)(3) Order.  Courts therefore regularly deny motions to appoint interim class

11   counsel when there is no rivalry amongst plaintiffs' counsel which would require such an

12   appointment.  *See In re OpenAIChatGPT Litig.*, No. 23-cv-03223-AMO, 2024 WL 1834368, at

13   *1 (N.D. Cal. Apr. 26, 2024) (denying motion to appoint interim class counsel because

14   "[p]laintiffs do not indicate that the appointment is required to resolve any rivalry between

15   involved firms, nor any uncertainty as to their respective roles," finding that plaintiffs did not

16   provide a "compelling reason to appoint interim lead counsel"); *In re Seagate Tech LLC Litig.*,

17   No. 16-cv-00523-RMW, 2016 WL 3401989, at *3 (N.D. Cal. June 21, 2016) (denying motion

18   to appoint interim class counsel because "[c]ounsel here have never alleged that they considered

19   competing with one another, and it appears to the court that counsel intended to cooperate with

20   one another from the start of the case, rendering appointment of interim class counsel

21   unnecessary"); *Wang v. OCZ Tech. Grp., Inc.*, No. 11-cv-01415-PSG, 2011 WL 13156817, at

22   *2 (N.D. Cal. June 29, 2011) ("This court has a single action and a single legal team seeking to

23   be appointed interim lead counsel . . . .  Appointing lead interim counsel at this time therefore

24   is unnecessary."); *Italian Colors Rest. v. Am. Express Co.*, No. 03-cv-3719-SI, 2003 WL

25   22682482, at *7 (N.D. Cal. Nov. 10, 2003) (denying plaintiff's motion because "[n]o

26   competition exists among counsel that required refereeing by the Court, and no class has yet

27   been certified, or even proposed"); *Glen Ridge SurgiCenter, LLC v. Horizon Blue Cross & Blue

28   Shield of New Jersey*, No. 08-cv-6160-JLL, 2011 WL 5881924, at *7 (D.N.J. Sept. 16, 2011)

(finding plaintiff's motion premature because there was "no danger of any rivalry or confusion that may make appointment of interim counsel appropriate").

Plaintiffs request to appoint interim class counsel is unnecessary.

**B.  A Rule 23(g)(3) Order is Premature.**

Plaintiffs Motion is also premature.  Plaintiffs have yet to file a consolidated complaint and this case has not progressed past the initial pleading stage.

Courts are reluctant to appoint interim class counsel when a case is in the initial pleading stages and Plaintiff has not provided a compelling reason justifying the need for appointment of interim class counsel.  *See e.g.*, *Lyons v. CoxCom, Inc.*, No. 08-CV-02047-H (CAB), 2009 WL 6607949, at *2 (S.D. Cal. July 6, 2009) (denying plaintiff's motion to appoint interim class counsel because the case "has not progressed past the pleading stage" and "there are no known overlapping, duplicative, or competing suits present"); *In re Google Dig. Advert. Antitrust Litig.*, No. 20-cv-3556-BLF, ECF 133 (N.D. Cal. 2021) (deferring ruling on the appointment of an interim co-lead counsel for a class until after "resolution of the pleadings in both cases").

Defendant submits that any Rule 23(g)(3) motion should await discovery from Plaintiffs.  *See Glen Ridge SurgiCenter*, 2011 WL 5881924 at *7 (finding plaintiff's motion premature because determination about interim class counsel "should not be made until [Defendant] has had an opportunity to take some discovery, including the deposition of [], the newly named class representative").

Plaintiffs' Motion identifies no prejudice that would arise from deferring any appointment of class counsel—interim or otherwise—until a later stage of the case.

**V.     CONCLUSION**

For the reasons discussed above, the Motion should be denied without prejudice. Defendant reserves all other arguments in opposition to any future motion under Rule 23.

DEFENDANT'S OPPOSITION TO MOTION TO APPOINT INTERIM CLASS COUNSEL

1    Dated: August 5, 2024                    Respectfully submitted,

2                                             BOIES SCHILLER FLEXNER LLP

3
                                             By:  */s/ Scott E. Gant*
4                                                  SCOTT E. GANT (admitted *pro hac vice*)
                                                   sgant@bsfllp.com
5                                                  1401 New York Avenue, NW
                                                   Washington, DC 20005
6                                                  Telephone: (202) 895-7566
                                                   Facsimile: (202) 237-6131
7
                                                   JAMES W. LEE (admitted *pro hac vice*)
8                                                  jwlee@bsfllp.com
                                                   100 SE Second Street, Suite 2800
9                                                  Miami, FL 33131
                                                   Telephone: (305) 539-8400
10                                                 Facsimile: (305) 539-1307
11
                                                   SARAH JONES (SBN 347368)
12                                                 sjones@bsfllp.com
                                                   2029 Century Park East, Suite 1520
13                                                 Los Angeles, CA 90067
                                                   Telephone: (213) 629-9040
14                                                 Facsimile: (213) 629-9022
15
                                                   *Attorneys for Defendant Dreamland Baby Co.*
16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OPPOSITION TO MOTION TO APPOINT INTERIM CLASS COUNSEL