Zachary P. Arbitman (admitted *Pro Hac Vice*)
  zarbitman@feldmanshepherd.com
**FELDMAN SHEPHERD WOHLGELERNTER**
**TANNER WEINSTOCK & DODIG, LLP**
1845 Walnut Street, floor 21
Philadelphia, PA
Telephone: (215) 567-8300
Facsimile:  (215) 599-8333

*Attorneys for Plaintiff Megan Fehrenbach*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE DREAMLAND BABY CO. WEIGHTED SLEEP PRODUCTS LITIGATION,*<br><br>This Document Relates To:<br><br>All Actions | Master File No. 3:24-CV-02996-CRB<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL**<br><br>Judge: Hon. Charles R. Breyer |

Plaintiffs Victoria Monsch, Megan Fehrenbach, Tuliisa Miller and Haley Muse (collectively, "Plaintiffs") through their respective counsel, respectfully file this Reply Memorandum of Law in Further Support of Plaintiffs' Motion to Appoint Interim Class Counsel (ECF No. 29), and in response to Defendant Dreamland Baby Co.'s ("Dreamland" or "Defendant") Opposition to Plaintiffs' Motion to Appoint Interim Class Counsel. ECF No. 35.

**ARGUMENT**

Plaintiffs have formed a well-qualified, experienced and cooperative Plaintiffs' leadership team, consistent with the teachings of the Manual for Complex Litigation. *See* Manual for Complex Litigation (Fourth) ("MCL") § 10.224 (2004). The leadership team is comprised of some of the most experienced and well-qualified class and mass action lawyers in the United States who coalesced organically and organized to begin the significant amount of work this case will require. Notably, in its Opposition, Dreamland does not challenge proposed interim counsel's commitment of substantial time and resources to investigating the claims at issue, experience and expertise or willingness to provide the resources needed to prosecute this action. *See generally* ECF No. 35. Dreamland instead argues that Plaintiffs' Motion to Appoint Interim Class Counsel should be denied because appointing interim counsel at this juncture would be unnecessary and premature. *See* ECF No. 35. Dreamland claims that appointing interim counsel is unnecessary because the litigation is consolidated and there is no "rivalry" among plaintiffs' counsel vying to lead the cases. *See id.* at 2-5. Dreamland also posits that appointment of any interim class counsel should wait until after closure of the pleadings. *See id.* at 5.

None of Dreamland's arguments are based in the text of Rule 23(g). *See* Fed. R. Civ. P. 23(g). In fact, this Court has appointed interim class counsel in other consolidated consumer class action litigation at a substantially similar procedural posture. *See In re Intuit Free File Litig.*, No. 19-cv-02546-CRB, ECF No. 72 (N.D. Cal. Aug. 19, 2019) (Breyer, J.). As here, the Court issued an order consolidating several class actions and instructing "attorneys who wished to be considered as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3) to submit applications for consideration." *Id.* The Court then evaluated attorneys' written submissions and oral argument, before selecting interim class counsel and setting a deadline for submission of a consolidated

complaint. *Id.*

Other courts have rejected the argument that appointment is unnecessary or premature. For example, in *Bernstein v. Cengage Learning, Inc.*, the defendant objected to appointment of interim class counsel, arguing that "because only one law firm represents Plaintiffs and there are no other pending related actions, [proposed interim counsel's] appointment is unnecessary." No. 18CIV7877VECSLC, 2019 WL 6324276, at *2 (S.D.N.Y. Nov. 26, 2019). The court rejected this argument, noting in part:

> While true that two similar recent actions against [defendant] are no longer pending, the recent existence of those other cases asserting similar claims with other plaintiffs represented by counsel other than [proposed interim counsel] shows that the possibility of more such cases is not foreclosed. Establishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently. [Defendant's] alternative argument that appointing counsel is premature, is similarly unpersuasive in light of the Court's analysis of the four Rule 23(g)(1)(A) factors set forth above.

*Id.* (internal citations omitted); *see also Delaney v. Sensa Prod., LLC*, No. 14-CV-2120 JLS (WVG), 2015 WL 13828624, at *3 (S.D. Cal. Apr. 13, 2015) (rejecting argument that appointing interim class counsel under Rule 23(g) would be premature, reasoning that "appointing interim class counsel at this stage in the proceedings will eliminate duplicative work going forward in the interests of judicial efficiency."). Plaintiffs respectfully request that the Court follow suit and reject Dreamland's argument that appointing interim counsel to lead this consolidated litigation would be improper.

Dreamland's "rivalry" requirement should be disposed of just the same. This Court has also appointed interim class counsel in consolidated class action litigation upon submission of an uncontested motion seeking such appointment. *See Ctr. for Indep. Living, Inc. et al v. Wal-Mart Stores, Inc.*, No. 12-cv-03885, ECF Nos. 21, 27 (N.D. Cal. Apr. 3, 2013) (Breyer, J.). In *Center for Independent Living*, plaintiffs moved for the consolidation of two class actions and the appointment of counsel from one of those cases to lead the consolidated litigation. *Id.* at ECF No. 21. Like in this case, plaintiffs' counsel from the other class action did not oppose the moving attorneys' appointment as interim class counsel. *See id.* at 2. This Court granted the uncontested motion and, contrary to Dreamland's suggested "rivalry" requirement, appointed interim class counsel pursuant

1  to Rule 23(g). *Id.* at ECF No. 27.

2  Other courts in this District, and elsewhere throughout the country, have likewise appointed interim counsel where a motion seeking appointment as interim counsel was not contested. *See, e.g.*, *In re Axa Wage & Hour Litig.*, No. C 06-04291 JSW, 2007 WL 4145116 (N.D. Cal. Nov. 19, 2007). This is not surprising, as the most common and desirable means of selecting class counsel is "private ordering" where "[t]he lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests." *See* MCL § 21.272 at 279 (2004). Efforts of plaintiffs' counsel to coordinate their activities among themselves are to be encouraged. MCL, § 10.22 at 24. Therefore, Plaintiffs respectfully request that the Court reject any purported "rivalry" requirement and, in its discretion, grant Plaintiffs' Motion to Appoint Interim Class Counsel and appoint Zachary Arbitman of Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig, LLP and Melissa S. Weiner of Pearson Warshaw, LLP as Interim Co-Lead Class Counsel and Rachel Soffin of Milberg Coleman Bryson Phillips Grossman and Benjamin Heikali of Treehouse Law, LLP to the Plaintiffs' Executive Committee pursuant to Rule 23(g).

DATED: August 12, 2024                                    Respectfully Submitted,

/s/ *Zachary Arbitman*                                    /s/ *Melissa S. Weiner*
Zachary Arbitman                                           Melissa S. Weiner
George Donnelly                                            **PEARSON WARSHAW, LLP**
**FELDMAN SHEPHERD**                                       328 Barry Avenue S., Suite 200
**WOHLGELERNTER TANNER**                                   Wayzata, MN 55391
**WEINSTOCK & DODIG, LLP**                                 Tel: 612-389-0600
1845 Walnut Street, 21st Floor                             Fax: 612-389-0610
Philadelphia, PA 19103                                     mweiner@pwfirm.com
T: (215) 567-8300
F: (215) 567-8333                                          Benjamin Heikali (SBN 307466)
zarbitman@feldmanshepherd.com                              **TREEHOUSE LAW, LLP**
gdonnelly@feldmanshepherd.com                              2121 Avenue of the Stars, Suite 2580
                                                           Los Angeles, CA 90067
Bart D. Cohen                                              Tel: (310) 751-5928
**BAILEY & GLASSER, LLP**                                  bheikali@treehouselaw.com
1622 Locust Street

| | |
|---|---|
| Philadelphia, PA 19103<br>(215) 274-9420<br>bcohen@baileyglasser.com<br><br>*Attorneys for Plaintiff Victoria Monsch*<br><br>Ryan J. Clarkson (SBN 257074)<br>rclarkson@clarksonlawfirm.com<br>Bahar Sodaify (SBN 289730)<br>bsodaify@clarksonlawfirm.com<br>Alan Gudino (SBN 326738)<br>agudino@clarksonlawfirm.com<br>**CLARKSON LAW FIRM, P.C.**<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Tel: (213) 788-4050<br>Fax: (213) 788-4070<br><br>*Attorneys for Plaintiff Tuliisa Miller*<br><br>Nyran Rose Rasche<br>Alex Lee<br>**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**<br>135 S. LaSalle, Suite 3210<br>Chicago, Illinois 60603<br>Telephone: (312) 782-4880<br>Facsimile: (312) 782-4485<br>nrasche@caffertyclobes.com<br>alee@caffertyclobes.com<br><br>*Attorneys for Plaintiff Haley Muse* | Rachel Soffin<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>800 S. Gay Street, Suite 1100<br>Knoxville, TN 37929<br>Tel: 865-247-0080<br>rsoffin@milberg.com<br><br>Harper T. Segui<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLP**<br>825 Lowcountry Blvd., Suite 101<br>Mt. Pleasant, SC 29464<br>hsegui@milberg.com<br><br>*Attorneys for Plaintiff Megan Fehrenbach* |