IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DREAMLAND BABY CO. WEIGHTED SLEEP PRODUCTS LITIGATION,<br><br>This Document Relates To:<br>All Actions. | Master File No. 24-cv-02996-CRB<br><br>**ORDER DENYING MOTION TO APPOINT INTERIM CLASS COUNSEL**<br><br>Re: ECF |

In May and June 2024, Plaintiffs Victoria Monsch, Megan Fehrenbach, Tuliisa Miller, and Haley Muse each filed separate complaints raising similar allegations of false and misleading advertising against Dreamland Baby Company. See Monsch v. Dreamland Baby Co., No. 24-cv-2996 (N.D. Cal. 2024); Fehrenbach v. Dreamland Baby Co., No. 24-cv-3406 (N.D. Cal. 2024); Miller v. Dreamland Baby Co., No. 24-cv-339 (N.D. Cal. 2024); Muse v. Dreamland Baby Co., No. 24-cv-3763 (N.D. Cal. 2024). Pursuant to the parties' stipulation, this Court consolidated the four cases on July 17, 2024 and ordered that any future actions in this District arising out of the same or similar facts will be consolidated as well. Order (dkt. 27) at 3.

Plaintiffs now ask this Court to appoint Zachary Arbitman and Melissa Weiner as interim co-lead class counsel and to appoint Rachel Soffin and Ben Heikali to the plaintiffs' executive committee. Mot. (dkt. 29) at 3. For the following reasons, Plaintiffs' motion is **DENIED** without prejudice.

I.   LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) provides that a district court "may designate interim counsel to act on behalf of a putative class before determining whether to

1   certify the action as a class action." The "'appointment of interim class counsel is
2   discretionary' and 'is typically considered once a class has been certified absent a special
3   justification.'" In re OpenAI ChatGPT Litig., No. 23-cv-3223-AMO, 2024 WL 1834368,
4   at *1 (N.D. Cal. Apr. 26, 2024) (citations omitted).

5   　　　Such justification exists when interim counsel is "necessary to protect the interests
6   of the putative class." In re Roundup Prods. Liab. Litig., 16-md-2741-VC, 2020 WL
7   1983256, at *1 (N.D. Cal. Apr. 27, 2020) (quoting Fed. R. Civ. P. 23(g)(2)(A) advisory
8   committee's note to 2003 amendment). For example, "[i]n some cases … there may be
9   rivalry or uncertainty that makes formal designation of interim counsel appropriate." In re
10  Nest Labs Litig., 2014 WL 12878556, at *1 (N.D. Cal. Aug. 18, 2014) (alterations in
11  original) (quoting Fed. R. Civ. P. 23(g)(2)(A) advisory committee's note to 2003
12  amendment). Or there may be "overlapping, duplicative, or competing suits pending in
13  other courts" with "lawyers [] compet[ing] for class counsel appointment." Id. (quoting
14  Manual for Complex Litigation (Fourth) § 21.11 (2004)). In these contexts, "designation
15  of interim counsel clarifies responsibility for protecting the interests of the class during
16  precertification activities." Id. (quoting Manual for Complex Litigation (Fourth) § 21.11).

17  **II.     DISCUSSION**

18  　　　Plaintiffs contend that this Court should appoint interim class counsel because
19  Zachary Arbitman and Melissa Weiner are qualified to act as class counsel under Federal
20  Rule of Civil Procedure 23(g)(1)(A). See Azpeitia v. Tesoro Refining & Mktg. Co. LLC,
21  No. 17-cv-123-JST, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017) (explaining that
22  the Rule 23(g)(1)(A) factors apply to appointing interim class counsel). Rule 23(g)(1)(A)
23  provides several factors for courts to consider when evaluating the adequacy of proposed
24  class counsel. To be sure, Arbitman and Weiner appear well-qualified to serve as class
25  counsel under the framework of Rule 23(g)(1)(A). But their qualifications to serve as class
26  counsel do not necessarily warrant the appointment of class counsel at this stage.

27  　　　There must be a "special justification" for appointing class counsel before certifying
28  a class. In re OpenAI ChatGPT Litig., 2024 WL 1834368, at *1 (citation omitted).

1   Plaintiffs identify none.  They do not suggest that there is "rivalry or uncertainty" among
2   their lawyers.  In re Nest Labs Litig., 2014 WL 12878556, at *1 (citation omitted).  Nor do
3   Plaintiffs point to "overlapping, duplicative, or competing suits pending in other courts."
4   Id. (citation omitted).  To the contrary, Plaintiffs voluntarily consolidated their actions, and
5   they have all agreed on which counsel is most qualified to serve as class counsel.  Courts
6   regularly decline to appoint interim class counsel in such context.  See, e.g., In re OpenAI
7   ChatGPT Litig., 2024 WL 1834368, at *1-2; Haley v. Macy's, Inc., No. 15-cv-6033-HSG,
8   2016 WL 4676617, at *3 (N.D. Cal. Sept. 7, 2016); In re Nest Labs Litig., 2014 WL
9   12878556, at *1-2.

Moreover, cases in which courts have granted motions to appoint interim class counsel illustrate that it is untimely and unnecessary to do so in this case.  For example, this Court appointed interim class counsel in In re Intuit Free File Litigation after receiving six applications from different attorneys seeking to represent the prospective class.  No. 19-cv-2546-CRB, ECF No. 72, at 1 (N.D. Cal. Aug. 19, 2019).  In another case, Bernstein v. Cengage Learning, Inc., the court appointed interim class counsel after expressing concern that additional plaintiffs would file similar cases against the defendant.  No. 18CIV7877VECSLC, 2019 WL 6324276, at *2 (S.D.N.Y. Nov. 26, 2019).  In short, these courts had "special justification" for appointing class counsel before certifying a class.  Such a justification is lacking here.

For the foregoing reasons, Plaintiffs' motion is **DENIED** without prejudice.  Plaintiffs may resubmit if a change in circumstance provides adequate justification for appointment of interim class counsel.

**IT IS SO ORDERED.**

Dated: September 10, 2024

CHARLES R. BREYER
United States District Judge